LINO PEREIRA, JR., Plaintiff and Appellant, *v.* ROSENDO HERNÁNDEZ GONZÁLEZ, Defendant and Appellee.

No. 12383.   Submitted June 23, 1961.—Decided June 29, 1961.

*Guillermo Bauzá* for appellant.   *Pascual Amado Rivera* for appellee.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On July 3, 1956 appellee Rosendo Hernández filed a petition in the District Court of San Juan, requesting that judgment be rendered ordering appellant Lino Pereira, Jr., to vacate a lot having an area of 331.52 square meters located on Tapia Street, Santurce, in which no dwellings were located, and which said appellant occupied by a lease contract. The leased premises were used by Pereira for his business of

repairing automobiles. The above-mentioned unlawful detainer action was grounded on two causes of action: (1) default of payment of past-due rents corresponding to the months of May 7 and June 7, 1956, and (2) on the proprietor's desire of recovering possession of the leased premises in order to withdraw the same from the rental market and devote it exclusively to his personal use. The parties were summoned for a first hearing, appearing only the petitioner, who requested that judgment be rendered on the cause of action for default of payment. A hearing was set in relation to the other cause of action and during the same it was proved "that plaintiff is the owner of the lot referred to in the complaint, that no dwellings or buildings of any kind whatsoever are located therein, and that he wishes in good faith to withdraw said lot from the rental business." Consequently, the court rendered judgment granting the complaint in all its parts and ordering the ejectment of defendant therein within a 20-day term.

After being notified of the judgment to which we have referred, Pereira requested that it be set aside because the court had no jurisdiction in view of the fact that it was not alleged in the complaint that the plaintiff had complied with the requirement of serving authentic written notice to lessee, of his purpose to withdraw the leased premises six months in advance of the date when the action was brought (17 L.P. R.A. § 193(7)(e)), and also, because the term to ouster had been set erroneously for 20 days.[1] Defendant's motion

---

[1] Section 16 of the Unlawful Detainer Act (§ 635 of the Code of Civil Procedure, 32 L.P.R.A. § 2836), provides that when an unlawful detainer action is granted, the ejectment shall be ordered within 40 days, where a family residence or dwelling house is involved, and 20 days in all other cases. However, § 12-B of the Reasonable Rents Act (Act No. 464 of April 25, 1946, Sess. Laws, p. 1326, 17 L.P.R.A. § 194), provides that the term for ejectment shall be forty days for nonpayment and ninety days when grounded on lessee's necessity of recovering the dwelling or the commercial or business premises for his personal use and when a plan has been made for the total or partial demolition of the leased premises for the construction of a new building. Of course, this last provision governs only in

here was obviously grounded on the proposition that the relations between the parties were governed by the Reasonable Rents Act. The district court denied this motion because it understood that the object of the lease contract was a lot wherein no construction devoted to dwellings were located nor buildings for public or commercial or industrial purposes, the Reasonable Rents Act, therefore, being inapplicable.[2]

Pereira once more went before the court and requested that he be excused from the effects of the judgment rendered on the ground that in entering said judgment the court had been "led to error by plaintiff, either by surprise or inadvertence, as well as by excusable negligence on the part of defendant who so far...had been unable to find evidence showing plaintiff's own acts, which if they had been known by this court, would not have rendered judgment in accordance with plaintiff's claims."[3]   A hearing having been held in relation

those cases in which the leased premises are covered by the rental legislation, pursuant to the definitions contained in § 22 of said Act (17 L.P.R.A. § 212).

[2] Section 4 of the Reasonable Rents Act (17 L.P.R.A. § 184), prescribes that its provisions shall be applicable to lots whereon houses belonging to other persons are located and lots whereon buildings and premises for business, offices, and consulting professional offices for commercial or industrial purposes, if such premises and buildings belong to different owners.   Rental property includes "lot on which one or more houses belonging to persons other than the owner of the lot are located, and house and building used wholly or partly for business, professional offices, or commercial or industrial purposes." (17 L.P.R.A. § 212.)   It seems very clear that a lot without buildings is not covered by Act No. 464 of 1946.

[3] Defendant Pereira referred to a request for a maximum rent increase presented by the lessor at the Rental Office on or about May 21, 1956, wherein he alleged that "Lino Pereira, Jr., rented the lot which I own (without two garages located therein, which are for my personal use for a truck and an automobile belonging to me) for the amount of $15 monthly, but lately he has been using both garages, (and) I believe it to be just and reasonable to increase the rental to $50 monthly...."   Lessee opposed the lessor's claims, alleging that "since he rented *the lot*....he rented it with both garages...and that he always has used them [*sic*] and continues to do so in his work as an automobile mechanic, as part of the lease contract [*sic*] of said lot."   Two photographs of the leased property appear in the record, which show that the above-mentioned garages are two sheds of rough construction, without doors.   The impression we have gathered is

to this motion, the parties appeared and by means of a written stipulation they agreed that the term for ejectment from plaintiff's "*lot*" be extended until November 15, 1956, and that defendant would pay the rentals up to said date.[4]

On July 31, 1957 Pereira brought an action for damages against Hernández substantially alleging that he had vacated the leased "*lot*" by virtue of the judgment rendered by the District Court, San Juan Part; that this judgment was obtained through fraud and deceit since shortly after defendant recovered the property, he leased it to a taxicab company, despite the fact that he had predicated the unlawful detainer action on the necessity of recovering the property for his personal use; that this act of defendant precluded Pereira from being able to continue to operate his business of repairing motor vehicles, all of which caused him damages during the 5 months in which he was unable to acquire a new clientele and for unearned profits which he calculated in the sum of $3,000 and also, the "disappearance of the commercial premises" which he had established there, for which he claims an additional $3,000.

Defendant Hernández requested that a summary judgment be rendered, and to that effect he attached the original record of the unlawful detainer suit and his own sworn statement. Plaintiff presented a counter declaration. After examining the record and the documents presented by the parties, the Superior Court, San Juan Part, rendered a summary judgment dismissing the complaint and ordering plaintiff to pay the costs and $100 for attorney's fees. Plaintiff appealed.

In general terms, Puerto Rican law does not acknowledge the existence of a civil action for damages as a

---

that Pereira had not set up a mechanical workshop or tinsmith shop, but that he merely did automobile repair work. There is no evidence whatsoever of the final fate of the petition for rent increase presented at the Rental Office.

[4] On October 29, plaintiff withdrew the sum of $85 deposited by defendant to pay accrued rentals.

160

consequence of a civil suit.[5] The judicial penalty for the improper use of legal proceedings is found in the imposition of costs and attorney's fees within the same suit.[6] That is. why by express statutory provision a cause of action has been allowed for the unjustified or improper filing of certain actions, as for example, § 169 of the Regulations for the Mortgage Law (30 L.P.R.A. § 1090). *Ríos v. Banco Popular*, 81 P.R.R. 368 (1959).

Undoubtedly, the only statutory provision under which the filing of the present action for damages could be justified is subdivision 7(f) of § 12-A of the Reasonable Rents Act (17 L.P.R.A. § 193(7)(f), which reads as follows:

". . . . If at any time during the twelve months following the date on which the tenant vacated the premises [commercial or business] the lessor assigns or leases same to another person, he shall indemnify the tenant for the damages caused him, which shall be fixed at a sum which shall in no case be less than two hundred (200) dollars, or six months' rent, whichever is greater, plus costs and plaintiff attorney's fees as fixed by the. court."

As it may be easily determined the responsibility assessed by virtue of this provision necessarily presupposes that the object of the lease contract has been a property devoted to rental, as said term is defined in the above-mentioned Act. And for this reason, the action brought by appellant can not prevail since there is among the parties an express adjudication to the effect that the leased property was not subject to rental control, because it was one of the lots which is not expressly covered because it did not have constructions or buildings belonging to a different owner. Plaintiff is estop-

---

[5] For an excellent discussion on this matter, see Amadeo, VII *Acciones Civiles de Daños y Perjuicios en el derecho Puertorriqueño, por el Uso Injustificado de los Procedimientos Legales* 234, Rev. C. Abo. P.R. (1944).

[6] Regarding the sum paid for attorney's fees as a recoverable element in a subsequent action for damages, see *Cruz v. Ortiz*, 82 P.R.R. 802 (1961) and *Blanco v. The Capital*, 77 P.R.R. 607, 611 (1954).

ped from relitigating this fact which was explicitly raised and adjudicated in the unlawful detainer suit.[7]   Even when it is considered as a question of law, the same situation would always exist since the cause of action arose out of the same subject matter or transaction.   Restatement, Judgment, § 70. As to this matter it is convenient to remember that appellant Pereira raised this question in the motion filed by him to set aside judgment, and precisely, the court determined that his opposition grounded on the application of the Reasonable Rents Act was baseless.   This decision prevailed although he sought to revive the matter again in the motion to exonerate him from the effects of the judgment, since the stipulation presented to dispose of this incident merely covered a certain aspect related to the term for the eviction of the leased premises.

██ Finally, even when the doctrine of collateral estoppel to which we have referred was not applicable, we would always have to hold that the action does not lie because it affirmatively appears from the documents which the trial court had before it, that the object of the lease contract between the parties was not subject to the rental control. *Riera* v. *Super. Ct.; Adm'r Econ. Stab., Int.*, 79 P.R.R. 598 (1956) decided hardly one month after the decision of the district court was rendered dismissing the motion to set aside the judgment, specifically holds that: (a) the Reasonable

---

[7] When an essential fact for the pronouncement of judgment is actually litigated and determined by a valid and final judgment, such a determination is conclusive between the parties in a subsequent suit although different causes of action are involved.   This doctrine of collateral estoppel has been applied in several actions: *Fuentes* v. *District Court*, 73 P.R.R. 893, 911 (1952); *Long Corporation* v. *District Court*, 72 P.R.R. 737, 740 (1951); *Vidal* v. *Monagas*, 66 P.R.R. 588 (1946); Restatement, Judgments, § 68; Scott, *Collateral Estoppel by Judgment*, 56 Harv. L. Rev. 1 (1942); 65 Harv. L. Rev. 840 (1952); *cf. Tartak* v. *District Court and Cruz, Int.*, 74 P.R.R. 805, 814 (1953).   Regarding adjudication within an unlawful detainer suit as res judicata, see, *Cruz* v. *Bruno*, 76 P.R.R. 905 (1954).

Rents Act does not refer to lease contracts of vacant lots where no building or premises is located, even when the lots are in an urban zone and are used for commercial or industrial purposes or for business; (b) the premises or buildings used for business contemplated by the above-mentioned Act are structures or buildings which fundamentally are used for commercial or industrial purposes. Assuming the position most favorable to plaintiff, that is, that the "garages" formed part of the leased object, we would always have to conclude, as in the *Riera* case, that this construction is obviously accessory to the business being operated in the lot.

The only error assigned was not committed. The judgment rendered by the Superior Court, San Juan Part, on November 13, 1957, is affirmed.

Mr. Justice Santana Becerra did not participate herein.